UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY WILSON, in his capacity as legal guardian for L.W., and AVIATION WEST CHARTERS, LLC d/b/a ANGEL MEDFLIGHT, ) ) ) ) ) *Plaintiffs*, ) ) *v.* ) ) LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS /BLUE SHIELD OF LOUISIANA, ) ) ) ) *Defendant*. ) ) | CIVIL ACTION NO. 2:16-CV-1230 |

## COMPLAINT

1. This ERISA action seeks to recover health plan benefits that Blue Cross unjustifiably refuses to pay.

2. L.W. was 9 years old when, in late 2013, she fell and fractured her upper leg. The fracture was not her first and was particularly serious because L.W. suffers from Osteogenesis Imperfecta—commonly known as brittle bone disease. On the advice of L.W.'s doctors, surgery was arranged for L.W. at Children's Hospital and Medical Center in Omaha, Nebraska. Given her condition, L.W. had to travel between her home in Mississippi and Children's Hospital by ground and air ambulance.

3. L.W. was a beneficiary to an ERISA health plan insured and administered by Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana. Blue Cross preauthorized both L.W.'s surgery and the ambulance transportation.

4. Angel MedFlight provided the ambulance services, transporting L.W. on January 20, 2014, to Children's Hospital. After L.W.'s successful surgery, Angel MedFlight took L.W. back to her home, where she recovered in a hospital bed that had been installed there.

5. Despite preauthorizing the ambulance transportation, Blue Cross paid less than 7% of Angel MedFlight's charges—substantially less than comparable reasonable-and-customary charges.

6. After fruitless appeals, during which Blue Cross failed to produce a rate schedule or any other document supporting its low reimbursement, Timothy Wilson (in his capacity as L.W.'s guardian) and Angel MedFlight now bring this suit under ERISA § 502(a)(1)(B) to recover benefits under the terms of the Blue Cross policy, prejudgment interest, and attorney's fees.

## PARTIES

7. Defendant Blue Cross is a Louisiana mutual insurance corporation that has its principal place of business in Baton Rouge, Louisiana. Blue Cross insured L.W. through the Blue Cross policy. The Blue Cross policy is an ERISA welfare benefits plan.

8. Plaintiff Timothy Wilson is the parent and guardian of L.W. Both Timothy and L.W. resides in Lucedale, Mississippi.

9. Aviation West Charters, LLC d/b/a Angel MedFlight provides highly specialized transportation services for patients who need them. Angel MedFlight provided such transportation services to L.W., who (through her guardian) assigned to Angel MedFlight her benefits claims for the cost of the services.

## JURISDICTION AND VENUE

10. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA") and, in particular, 29 U.S.C. § 1132(e)(1), (f).

11.     Venue is proper in the Eastern District of Louisiana. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## STATEMENT OF FACTS

12.     L.W. suffers from brittle bone disease and has endured multiple fractures and surgeries.

13.     In August 2013, L.W. was evaluated by a doctor from Children's Hospital in Omaha. The doctor recommended surgery to remove of a flexible nail that had previously been implanted in her leg.

14.     That November, before the surgery could be performed, L.W. fell off her bike. The fall dislodged the flexible nail and fractured her upper leg.

15.     Because of her injury and medical condition, L.W. required prompt surgery at Children's Hospital and needed to travel there by ground and air ambulance. After the surgery, L.W. likewise needed ground and air ambulance transportation to return home, where she recovered in a hospital bed that had been installed there.

16.     Blue Cross preauthorized the surgery and the ambulance transportation.

17.     Angel MedFlight transported L.W. on January 20, 2014, to Children's Hospital, where she underwent successful surgery. Less than a week later, on January 26, Angel MedFlight took L.W. back home.

18.     Angel MedFlight timely submitted benefits claims on L.W.'s behalf.

19.     Despite preauthorizing the ambulance transportation, Blue Cross paid less than 7% of Angel MedFlight's charges—substantially less than comparable reasonable-and-customary charges.

20.     For non-participating providers, the Blue Cross policy covers "the lesser of the

Provider's actual billed charge or the established Allowable Charge." The policy, in turn, defines "Allowable Charge" as " [t]he lesser of the billed charge or the amount established by the Company or negotiated as the maximum amount allowed for all Provider services covered under the terms of this Benefit Plan."

21. On information and belief, Blue Cross's unreasonably low payments are not the Allowable Charges. The amounts paid by Blue Cross, in other words, were neither negotiated with Angel MedFlight nor the "established … maximum amount[s]" for the services provided.

22. Angel MedFlight appealed on L.W.'s behalf, contending that Blue Cross's reimbursement rate is too low.

23. Blue Cross mismanaged the appeals—including by erroneously asserting that some were late—and ultimately upheld the denials on the ground that Blue Cross had paid the Allowable Charges.

24. Tellingly, despite specific requests and in violation of its ERISA obligations, Blue Cross failed to produce any documents to show that it paid the Allowable Charges—that is, the "established … maximum amount[s]."

## CAUSE OF ACTION

25. Plaintiffs incorporate and reallege the allegations of Paragraphs 1 through 24.

26. Plaintiffs are entitled to recover benefits under the terms of the CareFirst Policy. 29 U.S.C. § 1132(a)(1)(B).

27. Plaintiffs are entitled to recover prejudgment interest. 29 U.S.C. § 1132(a)(1)(B), (a)(3).

28. Plaintiffs are entitled to recover attorney's fees and costs. 29 U.S.C. § 1132(g)(1).

4

WHEREFORE, Plaintiffs seek judgment in their favor and against the defendants, as follows:

A      Reimbursement of the costs incurred for L.W.'s ambulance transportation in January 2014;

B.     Prejudgment interest on the costs incurred;

C.     Any and all other damages to which Plaintiffs may be entitled; and

D.     Costs of suit.

Dated:  February 11, 2016                             Respectfully submitted,

                                                                        Aviation West Charters, LLC

                                                                        By its attorney,

                                                                        /s/*Reagan Toledano*
                                                                        Reagan L. Toledano (La. 29687)
                                                                        Willeford & Toledano
                                                                        201 St. Charles Avenue, Suite 4208
                                                                        New Orleans, Louisiana 70170
                                                                        (504) 582-1286; (f) (313)692-5927
                                                                        rtoledano@willlefordlaw.com